**FIRESTONE PLANTATIONS CO., Plaintiff, v. ERIE RAILROAD CO., Defendant.**

Common Pleas Court, Summit County.

No. 161148.   Decided July 1, 1948.

Buckingham, Doolittle & Burroughs, Wm. T. Walker, Akron, for appellant.

Burgess, Fulton & Fullmer, Slabaugh, Guinther & Pflueger, Robert M. Weh, Cleveland, for appellee.

## OPINION

By HARVEY, J.:

Plaintiff filed its Amended Petition against the defendant for damages arising from the non-delivery of certain specially designed structural steel. This steel was shipped by the Caine Steel Company of Chicago to the plaintiff as consignee, delivery to be made at 17 State Street, New York City. Said material was shipped to the plaintiff under uniform bill of lading, a copy of which is attached to the Petition, and which bill of lading constitutes the terms of the contract between the parties in this case.

Plaintiff further alleges in the Amended Petition that this steel shipment arrived in New York City about September 1, 1945, and the steel that arrived in New York City was placed upon a boat and arrived at Marshall, West Africa, on the 16th day of October, 1945. The steel that arrived in West Africa was placed in a beach compound where it remained until December, 1945, and thereupon it came into the possession of the consignee in West Africa.

To this petition the Erie Railroad filed a second defense, and the plaintiff filed a demurrer to the second defense, and the question for decision by this Court is whether its demurrer is well taken.

The Railroad Company pleads in its second defense a provision in the bill of lading which provides that as a condition precedent to recovery claims must be filed in writing with the receiving or delivering carrier, or carrier issuing this bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property; or in case of export traffic within nine months after delivery at the port of export; or in case of the failure to make delivery, then within nine months after a reasonable time for a delivery has elapsed.

The answer further alleges that the claim for loss was not filed within the nine months after delivery of the property at the port of export.

Apparently forty-eight pieces of steel never arrived in New York City but were removed from the Erie Railroad to the warehouse of the Railroad at some point in New Jersey.

Plaintiff demurs upon the ground that the provisions of Section 2-b do not bar the action in this case, first, because

the claim for loss was filed within nine months of the date that the whereabouts of the steel was discovered; and second, that a notice was not necessary because the steel was in the possession of the carrier.

The contract of the Erie Railroad under the bill of lading provided for the delivery of this steel in New York City. Delivery was made of part of the shipment on September the first, 1945. Strictly speaking, under the contract there was nothing further for the railroad company to do under this bill of lading.

Plaintiff had nine months from September 1, 1945, to make a claim.

If we follow the shipment further it arrived in Africa in October, 1945, and if you take the more liberal view that plaintiff should not be required to make a claim as a precedent condition to a lawsuit until they had knowledge that the shipment was lost, then under the allegations of the petition they had knowledge of the loss of this shipment in December, 1945, and they still had seven months from the date that they had knowledge of the loss.

A non-delivery is the same as a delay, and is covered by this bill of lading. The language of the bill of lading which constitutes the contract is clear that a precedent condition to recovery requires that the claims be filed in writing within nine months after delivery at the port of export. The fact that these goods were actually in the hands of the railroad is not sufficient to waive the terms of this contract. In fact, the railroad company has no right to waive the terms of limitations under this contract or to extend the terms of limitation.

Many cases hold that where there has been damage to a commodity and the railroad company knows all about the damage or inspects it and reports the damage to the consignee that the consignee must still make a claim in writing for damages as a condition precedent to recovery.

The bill of lading does not say that the consignee is entitled to nine months after he discovers a shortage in a shipment before he files a claim.

This Court is of the opinion that the case of **Davis v. Tauby, 113 Oh St 499,** is not in point. Most of the cases cited by the plaintiff are either admiralty cases or cases that were decided before the case of Chesapeake & Ohio v. Martin, 283 U. S. 209.

The case of Indiana Harbor Belt Company v. Alpirn, 296 N. W. 158 (Nebr.) is not in point, because in that case the plaintiff was the railroad company and was suing for de-

murrage. The railroad company brought an action in the Municipal Court in November, 1937, which was prior to the nine-month period in which the defendant would be required to file his claim. The defendant shipper in that case filed a cross-petition or cross-claim for damages, and the Court held under those circumstances he could file a cross-petition and recover without giving notice.

It should further be remembered that the binding authorities in this situation are the Federal cases, because this is an interpretation of the Federal statutes under the Interstate Commerce Act, and it is true that some states have taken a more liberal view than the Federal Court took in the case of Chesapeake Railroad v. Martin, 283 U. S. 209. In a leading case of Railroad Company v. Blish Milling Co., 241 U. S. 197, the Supreme Court of the United States in that case specifically said that this being a Federal question it must be determined by the application of Federal law, and the determination by this Court of that question is binding upon state courts and must be followed, any state law, decision or rule to the contrary notwithstanding.

In the Blish Milling case the Supreme Court laid down the rule that there must be a clear intention to make a claim in writing, and the mere announcement to the railroad company that you have a shortage in the shipment is insufficient unless it is followed by a claim in writing within the nine-month period. Nor can there be an estoppel or waiver. The Supreme Court said in the same case that to allow an estoppel against the claim of a failure to comply with requirements of the bill of lading would not be permitted—would be in effect permitting an alteration of the terms of a contract made in pursuance of the Interstate Commerce Act; and thus open the door for evasion of the spirit and purpose of the Act, which is to prevent preferences and discrimination in respect to rates and service.

To say in this case that the consignee had a right to trace the goods all over the Atlantic ocean and wait until such time as they had discovered where the goods were before making claim would be tantamount to making a new contract between the parties.

The rule is harsh but apparently the Supreme Court has held strictly to the terms of the contract in order that there shall be no discrimination between shipper and carrier.

This Court believes that it is bound by such authorities and that the demurrer to the answer is not well taken and should be overruled. Exceptions granted.